# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BABAJIDE SOBITAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 06 C 5366 |
| ) | |
| LORI GLUD and JOHN PODLISKA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On October 3, 2006, Plaintiff, Babajide Sobitan, filed suit against Defendants, Lori Glud and John Podliska. Plaintiff seeks damages for the violation of his rights under Article 36 of the Vienna Convention on Consular Relations (the "Vienna Convention"). Currently before the Court is the United States' Motion to Substitute and Dismiss. The Government asserts that substitution of the United States as a defendant in place of Defendants Glud and Podliska is required under the Westfall Act, 28 U.S.C. § 2679(b)(1), and that Plaintiff's claim must proceed against the United States under the Federal Tort Claims Act ("FTCA"). The Government further asserts that Plaintiff's FTCA claim must be dismissed because Plaintiff has failed to exhaust his administrative remedies.

## LEGAL STANDARD

In reviewing a motion to dismiss under 12(b)(6), the court considers all allegations in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A filing under the Federal Rules of Civil Procedure should be "short and plain," and it suffices if

it notifies the defendant of the principal events. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *see also* Fed.R.Civ.P. 8(a)(2). "The Supreme Court has interpreted that language to impose two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.' *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, ----, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), *quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), (alteration in *Bell Atlantic*). Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, -- F.3d --, 2007 WL 2215764, *2 (7th Cir. 2007).

## BACKGROUND

The following facts are taken as true from the Plaintiff's Amended Complaint.

On April 29, 2003, Plaintiff, a Nigerian citizen, attempted to enter the United States at O'Hare International Airport. When Plaintiff disembarked from the plane, which was coming from Lagos, Nigeria, he was detained and placed under arrest by Defendant Glud, a United States Customs and Border Protection Enforcement Officer with the Immigration and Naturalization Service (now the Department of Homeland Security). After his arrest, Plaintiff was charged with knowingly and intentionally attempting to enter the United States without previously obtaining the express consent of the United States Attorney General for reapplication by the Petitioner for admission into the United States, in violation of 8 U.S.C. § 1326(a)-(b)(2). The Assistant United

States Attorney assigned to the case was Defendant Podliska. Following a bench trial on December 15, 2003, and the submission of written closing arguments by the parties, on February 25, 2004, this Court found Sobitan guilty on the indictment.

Plaintiff alleges that his right to immediate consular notification under the Vienna Convention was knowingly and repeatedly violated, beginning with his detention at O'Hare International Airport and continuing during his arrest, bond hearing, detention without bond, and prosecution. Plaintiff asserts that Defendant Glud failed to inform him of his right to contact his country's representative or Consul for help or legal advice and that Defendant Podliska never informed Plaintiff of his rights nor inquired whether the Plaintiff knew or had been informed of his right to contact his country's representative or Consul.

Plaintiff seeks "a minimal damage award in the sum of $350,000 from each [D]efendant . . . and a punitive damage award of $2,500,000 each, as well."

## ANALYSIS

The Westfall Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 127 S. Ct. 881, 887 (2007) (*Osborn*). When a federal employee is sued "for injury or loss of property or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government," 28 U.S.C. § 2679(b)(1), the Attorney General can certify that the employee was acting within the scope of his or her office or employment at the time of the incident out of which the claim arose. 28 U.S.C. § 2679(d)(1). "Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is

substituted as defendant in place of the employee." *Osborn*, 127 S. Ct. at 887-88. The suit is "thereafter governed by the Federal Tort Claims Act (FTCA)." *Id.*, at 888.

There are two exceptions to the immunity conferred on federal employees by the Westfall Act. The Act provides that the United States cannot be substituted as the defendant in place of a federal employee for claims against federal employees brought for the violation of the United States Constitution (commonly referred to as *Bivens* suits), 28 U.S.C. § 2679(b)(2)(A), or for the violation of a federal statute, 28 U.S.C. § 2679(b)(2)(B).

The core of the Government's Motion is its assertion that the United States should be substituted as a Defendant in place of Defendants Glud and Podliska, as required under the Westfall Act, 28 U.S.C. § 2679(b)(1), because Sobitan's claim under the Vienna Convention does not meet the exceptions to the Westfall Act because it is premised on an alleged violation of a treaty and not the Constitution or a federal statute. In support of this proposition, the Government cites *In re Iraq & Afganistan Detainees Litigation*, — F. 3d. —, 2007 WL 926145, *22 (D.D.C. Mar. 27, 2007) (*Detainees Litigation*), and *Turkmen v. Ashcroft*, 2006 WL 1662663, *49 to *50 (D.N.Y. June 14, 2006).

Plaintiff acknowledges that 28 U.S.C. § 2679(b)(2) does not specifically extend the exceptions to treaties and that Congress did not provide a definition of "statute" as the term is used in Section 2679(b)(2)(B). Plaintiff argues, however, that the Supreme Court has defined "statute" broadly to encompass "[a]ny enactment, to which a state gives the force of law, whether it has gone through the usual stages of legislative proceedings or has been adopted in other modes of expressing the will of the state," citing *Stevens v. Griffith*, 111 U.S. 48, 50 (1884).

4

Thus, Plaintiff argues, the Vienna Treaty, which has been ratified by Congress and is a self-executing treaty, meets the requirements under 28 U.S.C. § 2679(b)(2).

Plaintiff's claim is premised on the violation of a treaty. Section 2679(b)(2) specifically refers to statute in excluding application of the Act. This Court will not infer a broader construction than necessary, "especially in an area that touches so directly on the foreign relations of the United States."[1] *Joig v. Vogues*, 480 F.3d 822, 824 (7th Cir. 2007) (*Joig II*). As the court in the *Detainees Litigation* decision noted:

> [T]aken as a whole, the Westfall Act's exception unmistakably applies to a law enacted by the legislative branch of the United States, *i.e.*, Congress. Treaties are not enacted by the legislative branch. Treaties are international agreements made by the President with the advice and consent of Congress pursuant to Article II of the Constitution. *See, e.g.*, Restatement (Third) of the Foreign Relations Law of the U.S. § 303 cmt. a (1987). *See also Whitney v. Robertson*, 124 U.S. 190, 194, 8 S.Ct. 456, 31 L.Ed. 386 (1888) (stating that "[a] treaty is primarily a contract between two or more independent nations, and is so regarded by writers on public law"). Because Geneva Convention IV is not a law enacted by Congress it does not fall within the Westfall Act's exception for statutes.

*In re Iraq and Afghanistan Detainees Litigation*, 479 F. Supp.2d at 112-113. Thus, because Plaintiff does not meet either of the limited exceptions to the Westfall Act, the United States shall be substituted as the sole Defendant. Further, because Plaintiff has not exhausted his administrative remedies – a jurisdictional prerequisite under the FTCA, 28 U.S.C. § 2675(a), *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980 (1993) – this Court lacks subject-matter jurisdiction over Plaintiff's FTCA claims.

---

[1] The Seventh Circuit's recent opinion in *Joig II* does not resolve the issue before the Court. In *Joig II*, the court withdrew its earlier opinion in *Joig v. Vogues*, 425 F.3d 367 (7th Cir. 2005) (*Joig I*), noting that it need not reach the question of whether there was an implied private right of action under the Vienna Convention because it is unclear whether the alleged treaty violation in that case amounts to a tort.

5

## CONCLUSION

For the foregoing reasons, the United States' Motion to Substitute and Dismiss is granted. Status hearing set for September 5, 2007 at 9:00 a.m. is vacated.

Dated: August 20, 2007

8-20-07

JOHN W. DARRAH
United States District Court Judge